UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| TREMAINE D. COWAN, | : Case No. 1:23-cv-315 |
| Plaintiff, | : |
| vs. | : Judge Matthew W. McFarland |
| | : Magistrate Judge Karen L. Litkovitz |
| JOHN DOE SOCF DEFENDANTS, *et al.*, | : |
| Defendants. | : |

**ORDER and**
**REPORT AND RECOMMENDATION**

Tremaine D. Cowan, a state prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed a civil rights action with this Court. The matter is before the Undersigned for an initial screening of the Complaint (Doc. 1-1) as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).

For the reasons that follow, the Undersigned concludes that Plaintiff's Eighth Amendment and state-law tort claims against John Doe 2, John Doe 3, John Doe 4, John Due 5 may **PROCEED** to further development at this time. The Undersigned **RECOMMENDS** that the Court **DISMISS** any claim against John Doe 1, and any claim under Title II of the Americans with Disabilities Act (ADA).

**I.      Initial Screening Standard**

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screening of his Complaint. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). The Court must dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to

state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

II. **Parties and Claims**

Plaintiff Tremaine D. Cowan is a prisoner in the custody of the Ohio Department of Rehabilitation and Correction (ODRC), currently incarcerated at the Southern Ohio Correctional Facility (SOCF). (Complaint,[1] Doc. 1-1, PageID 5).

Plaintiff appears to sue five "John Doe" Defendants: John Doe 1, a commissary worker at SOCF; John Doe 2, a lieutenant at SOCF; and John Does 3 – 5, who appear to be part of a "SRT Team" at SOCF. (Complaint, ¶¶ 4-6, 15, 22). Plaintiff sues John Doe 1 in his official capacity only; he sues John Does 2 – 5 in their individual and official capacities. (*Id.*, ¶¶ 4-5).

Plaintiff alleges that on October 27, 2022, John Doe 1 refused to give him his commissary items. (Complaint, ¶¶ 7-10). Plaintiff was confused, frustrated, and highly upset, which he expressed to John Doe 2 and a non-party sergeant. (*Id.*, ¶¶ 10-13). John Doe 2 sprayed Plaintiff with OC spray (mace). (*Id.*, ¶ 14). Then, John Doe 2 left and returned with "an SRT Team," presumably John Does 3 – 5. (*Id.*, ¶ 15).

Plaintiff alleges that these Defendants repeatedly shot him with "what looked like an AR-15 style mace ball gun," used a flash grenade, punched him in the face and body, including in the testicles, tightened his handcuffs to the point of bleeding, and broke his right pinky finger. (Complaint, ¶¶ 15-17, 19, 22).

Plaintiff raises his claims under 42 U.S.C. § 1983. (Complaint, ¶ 1). He alleges that the excessive force used by John Does 2 – 5 violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. (*Id.*, ¶ 22). He says that he "will be adding a state law tort supplement claim under Title II ADA Act For Assault & Battery." (*Id.*, ¶ 23; *see also* ¶¶ 31-32 (indicating

---

[1] For better readability, the Undersigned will cite to Plaintiff's Complaint in this case, currently of record as Docket Entry 1-1, simply as the Complaint. Paragraph numbers are cited for greater precision.

Plaintiff seeks a declaration with respect to the ADA and raises state-law tort claims for assault and battery)).

Plaintiff seeks declaratory and injunctive relief. (Complaint, ¶¶ 1, 24, 26, 31). He also seeks monetary damages from Defendants in their individual capacities, and other relief. (*Id.*, ¶¶ 26-32).

### III. Discussion

At this stage of the proceedings, without the benefit of an answer or other briefing, the Undersigned concludes that Plaintiff's claims under the Eighth Amendment may **PROCEED** against John Doe 2, John Doe 3, John Doe 4, and John Doe 5 in their individual capacity. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not . . . use excessive physical force against prisoners."). His assault and battery claims under Ohio law may also **PROCEED**. *See Madej v. Maiden*, No. 2:16-cv-658, 2018 WL 5045768, at *15 (S.D. Ohio Oct. 17, 2018), *aff'd*, 951 F.3d 364 (6th Cir. 2020) (internal citations omitted) ("In Ohio, an assault is an unlawful offer or attempt, coupled with a present ability, to inflict an injury upon the person of another. Battery is defined as 'an intentional contact with another that is harmful or offensive.'"). These claims are deserving of further development and may proceed at this juncture.

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

### A. John Doe 1

4

Plaintiff has not stated a claim on which relief may be granted against John Doe 1. He alleges only that John Doe 1, a commissary worker, would not give him his purchased commissary items on October 27, 2022. (Complaint, ¶¶ 4, 7-10). The reason for John Doe 1's refusal was that Plaintiff did not present proper identification. (*Id*., ¶¶ 8-9). Plaintiff says he presented "the I.D. we are Given by the Institution until a new one is printed & is a replica of the Original I.D. Card." (*Id*., ¶ 10; *see also* IFP Application, Doc. 5, PageID 33 (appearing to reflect charges for replacing Plaintiff's inmate ID)).

Plaintiff does not allege that John Doe 1 participated in the events that occurred after their conversation. (*See* Complaint, ¶ 9 (noting that John Doe 1 walked away); ¶ 22 (alleging that *John Does 2 – 5* violated his Eighth Amendment rights)). Plaintiff also does not allege that he never received his commissary items, or that John Doe 1 stole or kept Plaintiff's personal property.

Whether John Doe 1 wrongly withheld commissary items from Plaintiff on October 27 because he allegedly lacked proper identification may be a question of ODRC policy. Plaintiff cannot base a § 1983 claim on a violation of ODRC (state) policy, however. *See Brown v. Mahlman*, No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (dismissing alleged violations of ODRC policy because they "fall outside the scope of § 1983"). Moreover, any constitutional claim for the deprivation of personal property must allege "that state remedies for redressing the wrong are inadequate," which Plaintiff has not done here. *Perdue v. Ohio Dep't of Corr.*, No. 1:13-cv-878, 2014 WL 661707, at *5 (S.D. Ohio Feb. 19, 2014) (citing *Vicory v. Walton,* 721 F.2d 1062, 1066 (6th Cir. 1983)).

Because Plaintiff does not identify any federal or constitutional right affected by John Doe 1's actions, and the Undersigned is unable to discern any plausible claim in the allegations against him, any claims against John Doe 1 should be dismissed.

B.      *Title II of the ADA*

Plaintiff also does not state a plausible claim under Title II of the Americans with Disabilities Act. "Title II of the ADA provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, 'be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.'" *Mingus v. Butler*, 591 F.3d 474, 481-82 (6th Cir. 2010) (quoting 42 U.S.C. § 12132). The ADA applies to state prisons. *Id*. (citing *Pa. Dep't of Corr. v. Yeskey,* 524 U.S. 206, 209-10 (1998)).

"Title II requires the plaintiff to show that: (1) he has a disability; (2) he is a 'qualified individual'; and (3) he was 'being excluded from participation in, denied the benefits of, or subjected to discrimination under the program because of' his disability." *Larson v. Eppinger*, No. 2:20-cv-4997, 2021 WL 2659998, at *6 (S.D. Ohio June 29, 2021) (citing *Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015) (quoting 42 U.S.C. § 12132)).

To the extent that he intended to do so, Plaintiff does not state an ADA claim in the Complaint. Although he mentions the ADA and alleges that he was sprayed with mace several times in part because of his disability (Complaint, ¶ 16), he does not—among other things—identify what his disability is. There is simply not enough factual information in the Complaint to state a plausible claim in this respect. *See Iqbal,* 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). To the extent Plaintiff is noting in the Complaint that he will seek to add an ADA claim in the future (Complaint, ¶ 23), the sufficiency of that claim can be considered at that time.

C.      *Official Capacity Claims*

Plaintiff is prohibited from bringing a suit for damages against any "state actor" defendant in his or her official capacity. "The Eleventh Amendment protects a state official from

6

suit for monetary damages in his or her official capacity because 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself.'" *Zakora v. Chrisman,* 44 F. 4th 452, 474 (6th Cir. 2022) (quoting *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 63-64, 71 (1989) (citations omitted)). *See also Monell v. Dep't of Soc. Services,* 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action); *see also Turker v. Ohio Dep't of Rehab. & Corr.,* 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages."). Here, all of the SOCF John Doe defendants are state officials or employees. Thus, the claims for monetary damages against them in their official capacity are barred by the Eleventh Amendment. The official capacity claims should be dismissed.

### D. *Proceeding further against the John Doe Defendants*

"Although designation of a 'John Doe' or 'unknown' defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify defendant through discovery." *Robinson v. Doe*, No. 1:07-cv-729, 2009 WL 650383, at *2 (S.D. Ohio March 10, 2009) (collecting cases):

> The Federal Rules of Civil Procedure do not require the Court to dismiss unknown defendants simply because the plaintiff is unaware of the identity of those defendants at the time of the filing of the complaint. Rather, "the plaintiff should be given the opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." *Gillespie,* 629 F.2d at 642; *see also Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999).

*Id*. Under the circumstances of this case, it is appropriate to permit service of the complaint on a high-ranking official who could identify the John Doe defendants through discovery. The SOCF

Warden is in a position to know or determine the identities of the corrections officers plaintiff has identified as John Doe. The Court shall order service of the summons and complaint on the SOCF Warden for this limited purpose only. Once the Warden is served and has filed a response to plaintiff's complaint, plaintiff shall be permitted to serve discovery on the Warden to determine the identities of the John Doe defendants. Upon discovery of the full names of the unidentified defendants, plaintiff will be required to amend his complaint to identify them and the SOCF Warden will be dismissed. *See Slocum v. Bear*, No. 1:18-cv-423, 2019 WL 2234227, at *3 (S.D. Ohio May 6, 2019), *report and recommendation adopted*, 2019 WL 2233633 (S.D. Ohio May 23, 2019); *Murray v. Ohio Dep't of Corr.*, No. 1:14-cv-168, 2014 WL 1382401, at *4 (S.D. Ohio Apr. 8, 2014). *See also Mincy v. Hamilton Cnty. Just. Ctr.,* No. 1:20-cv-00822, 2021 WL 5754729, at *5 (S.D. Ohio Dec. 3, 2021) (and numerous cases cited therein) ("The Court, however, believes that adding [Hamilton County, Ohio] Sherriff McGuffey as a party for the limited purpose of identifying the full names of the Defendants is the more pragmatic and expeditious option that preserves both this Court's and the U.S. Marshal's limited resources while acknowledging the serious nature of the allegations that Plaintiff raises in his complaint.").

Before service may be issued on the John Doe Defendants, Plaintiff must file a Motion to Issue Service that identifies the Defendant(s) by name. Plaintiff is **ORDERED** to file the Motion to Issue Service if and when he discovers the identity of the John Doe Defendants. The Motion must attach a completed U.S. Marshal form and summons form for each Defendant to be served. Plaintiff is advised that no service will be issued on the John Doe Defendants unless Plaintiff complies with this Order.

Plaintiff should not delay in proceeding against the John Doe Defendants. *See generally Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996) ("Sixth Circuit precedent clearly holds that

new parties may not be added after the statute of limitations has run"); Fed. R. Civ. P. 4(m) (concerning time limits for service).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) for failure to state a claim upon which relief can be granted**, with the exception of** Plaintiff's Eighth Amendment and state-law tort claims against Defendants John Doe 2, John Doe 3, John Doe 4, and John Doe 5 in an individual capacity. This includes any claims against John Doe 1 and any intended claim under Title II of the ADA.

2. The Court should **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith, and **DENY** Plaintiff leave to appeal it in forma pauperis. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. Within **thirty (30) days** of receipt of this Order, plaintiff **SHALL** submit completed summons and U.S. Marshal forms for the current SOCF Warden, Cynthia Davis.

2. The Clerk of Court is **DIRECTED** to send to plaintiff a summons form and a U.S. Marshal form for this purpose. Upon receipt of the completed summons and U.S. Marshal forms, the Court **ORDERS** service of process by the United States Marshal in this case as directed by Plaintiff. Plaintiff shall be granted leave to proceed against Warden Davis solely for the purpose of determining the identity of Defendants John Doe 2, John Doe 3, John Doe 4, and John Doe 5.

3. The **CLERK OF COURT** is **DIRECTED** to add SOCF Warden Cynthia Davis as an interested party to the case.

4. Plaintiff **SHALL** file a Motion To Issue Service, including updated U.S. Marshal and summons forms, if and when Plaintiff discovers the identity of Defendants John Doe 2, John Doe 3, John Doe 4, and John Doe 5 through discovery. No service will be issued on Defendants John Doe 2, John Doe 3, John Doe 4, and John Doe 5 unless Plaintiff complies with this Order.

5. Plaintiff is **ORDERED** that he must keep this Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

6. The Clerk of Court is **DIRECTED** to forward a courtesy copy of this Order to the Ohio Attorney General's Office, Criminal Justice Section, Corrections Litigation Unit, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215.

**Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof. Fed. R. Civ. P. 72(b). All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections. The Court may extend the fourteen-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made. Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

June 20, 2023

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE