IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TREMAINE D. COWAN, | : | No. 23-cv-315 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| vs. | : | |
| JOHN DOE SOCF DEFENDANTS, et al., | : | |
| Defendant. | : | |

**ORDER ADOPTING ORDER AND REPORT AND RECOMMENDATIONS**

This action is before the Court upon the Order and Report and Recommendation ("Report") (Doc. 8) of United States Magistrate Judge Karen L. Litkovitz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, Magistrate Judge Litkovitz recommends that certain claims of Plaintiff's be dismissed with prejudice. Plaintiff timely filed Objections (Doc. 11) to the Report pursuant to Fed. R. Civ. P. 72(b). Plaintiff objects to the following recommendations: (1) the recommendation that all claims against John Doe 1 be dismissed with prejudice, (2) the recommendation that Plaintiff's claim under Title II of the ADA be dismissed with prejudice, and (3) the recommendation that Plaintiff's official capacity claims be dismissed with prejudice. Each are discussed in turn.

**I.  John Doe 1**

Plaintiff first objects to the recommendation that all claims against John Doe 1 be dismissed. Plaintiff's claims against John Doe 1 all center around John Doe 1's alleged withholding of Plaintiff's commissary bag. Plaintiff states that John Doe 1 purposefully

withheld Plaintiff's commissary bag in an effort to "trigger" Plaintiff. (Objections, Doc. 11, Pg. ID 71.) Withholding Plaintiff's commissary bag may constitute a violation of Ohio Department of Rehabilitation and Corrections ("ODRC") policy. However, in order to maintain a § 1983 claim, Plaintiff was required to allege that John Doe 1 deprived him of some right secured by the Constitution or laws of the United States. *Perdue v. Ohio Dept. of Corrections*, No. 1:13cv878, 2014 WL 661707, at *3 (S.D. Ohio Feb. 19, 2014). But violations of ODRC policy or state law fall outside the scope of § 1983. *Brown v. Mahlman*, No., 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022). Therefore, the first objection is overruled.

## II.    Title II of the ADA

Next, Plaintiff objects to the recommendation that his claim under Title II of the ADA be dismissed with prejudice. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II applies to federal and state prisons. *Mingus v. Butler*, 591 F.3d 474, 482 (6th Cir. 2010).

The Report recommends that Plaintiff's ADA claim be dismissed, as Plaintiff failed to adequately plead that he has a disability. Under the ADA, Plaintiff may establish that he is disabled by showing that: (1) he has "a physical or mental impairment that substantially limits one or more major life activities," (2) that he has "a record of such an impairment," or (3) that he is "regarded as having such an impairment." *Turner v. Mich. Dept. of Corrections*, No. 22-1562, 2023 WL 2755655, at *3 (6th Cir. 2023) (quoting 42 U.S.C.

§ 12102(1)(A)-(C)). The Complaint fails to establish any of the disability definitions. (*See* Compl., Doc. 7.) And, while Plaintiff does argue in his Objections that he has multiple impairments, such allegations were not within the Complaint. Thus, the Magistrate Judge never had the opportunity to consider the allegations and no compelling reasons exist that would permit this Court to consider the allegations raised at the district court stage. *See Murr v. U.S.*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).

Therefore, the second objection is overruled.

### III. Official Capacity

Lastly, Plaintiff objects to the recommendation that Plaintiff's official capacity claims be dismissed. However, this objection is "vague, general, [and] conclusory" and, consequently, fails to "meet the requirement of specific objections." *Cole v. Yukins*, 7 F. Appx. 354, 356 (6th Cir. 2001). Thus, such objection is "tantamount to a complete failure to object." *See id.* Therefore, the final objection is overruled.

### IV. Conclusion

For the foregoing reasons, Plaintiff's Objections (Doc. 11) are **OVERRULED**. The Court hereby **ADOPTS** the Order and Report and Recommendation (Doc. 8) and **ORDERS** the following:

(1) The Complaint (Doc. 7) is **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b) for failure to state a claim for relief can be granted, **with the exception of** Plaintiff's Eighth Amendment and state-law tort claims against Defendants John Doe 2, John Doe 3, John Doe 4, and John Doe 5 in their individual capacities. Thus, all claims against John Doe 1, Plaintiff's claim

3

under Title II of the ADA, and Plaintiff's official capacity claims are hereby **DISMISSED with prejudice**.

(2) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith. Plaintiff is therefore **DENIED** leave to appeal in forma pauperis. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE