IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TREMAINE D. COWAN, | : | Case No. 1:23-cv-315 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| TRAVIS WELLMAN, | : | |
| Defendant. | : | |

---

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS (Docs. 55, 59)**

---

This matter is before the Court on the Report and Recommendations of United States Magistrate Judge Karen Litkovitz (Doc. 55). Defendant filed an Objection (Doc. 56), and Plaintiff filed a Response in Opposition to that Objection (Doc. 61). Plaintiff also filed an Objection of his own (Doc. 57), to which Defendant did not respond. The Magistrate Judge subsequently filed a second Report and Recommendation (Doc. 59) to address other matters. Neither party filed objections to the second Report, and the time to do so has passed. This matter is therefore ripe for the Court's review.

## BACKGROUND

On February 22, 2024, Plaintiff Tremaine Cowan filed an Amended Complaint against Defendant Travis Wellman—a corrections officer at the Southern Ohio Correctional Facility—for allegedly breaking his finger and violating his Eighth Amendment rights. (*See* Am. Compl., Doc. 27.) Both parties have since filed Motions for Summary Judgment. (Docs. 40, 52.)

## LAW

The governing standard for a district court's review of a magistrate judge's report and recommendation turns on whether the parties filed objections. While a district court is not required to review the uncontested portions of a report and recommendation, it must review de novo any portions to which a party filed proper objections. *Thomas v. Arn*, 474 U.S. 140, 150 (1985); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Accordingly, the Court now turns to the specific portions of the Report and Recommendation (Doc. 55) to which the parties objected.

## ANALYSIS

### I. Plaintiff's Objection

#### i. Timeliness

As an initial matter, the Court addresses the timeliness of Plaintiff's Objection (Doc. 57) and Plaintiff's Response to Defendant's Objection (Doc. 61) because both were filed on the docket after the respective deadlines. The prison mailbox rule, however, considers a pro se prisoner's document to be filed at the time he "delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 276 (1988). While Plaintiff signed both his Objection and Response before the deadline, both were post-marked after the deadline. (Plaintiff's Objection, Doc. 57, Pg. ID 364-65; Plaintiff's Response, Doc. 61, Pg. ID 377, 379.) Plaintiff explains that he has a limited ability to promptly respond after receiving court documents since he is in restrictive housing. (Plaintiff's Objection, Doc. 57, Pg. ID 363; Plaintiff's Response, Doc. 61, Pg. ID 377.) Given the circumstances and timeline, the Court will consider Plaintiff's filings in the interests

of justice. *See Jones v. Warden, Ross Corr. Inst.*, No. 2:11-CV-871, 2013 WL 6230365, at *2 (S.D. Ohio Dec. 2, 2013).

### ii. Merits

Plaintiff objects to the Magistrate Judge's conclusion that he failed to provide sufficient evidence of Defendant's spoliation of evidence. (Defendant's Objection, Doc. 57, Pg. ID 363-64.) A litigant seeking to impose sanctions for spoliation of evidence bears the burden of establishing three elements: (1) "the party with control over the evidence must have had an obligation to preserve it at the time it was destroyed," (2) "the accused party must have destroyed the evidence with a culpable state of mind," and (3) "the destroyed evidence must be relevant to the other side's claim or defense." *Byrd v. Alpha All. Ins. Corp.*, 518 F. App'x 380, 384 (6th Cir. 2013). Resolving issues of spoliation are "fact intensive." *Crown Battery Mfg. Co. v. Club Car, Inc.*, 185 F. Supp. 3d 987, 996 (N.D. Ohio 2016) (quotation omitted).

On this record, the Magistrate Judge found that Plaintiff has not offered adequate evidence to satisfy the second element of culpability. (Report, Doc. 55, Pg. ID 348.) Though Defendant declared that "[a]t some point during the incident, my body camera fell in a toilet and video was unable to be retrieved from it" (Defendant's Decl., Doc. 49-1, Pg. ID 250), the Magistrate Judge concluded that this did not sufficiently show that Defendant had a culpable state of mind. (Report, Doc. 55, Pg. ID 348.) The Magistrate Judge also pointed out that Plaintiff offers only a conclusory allegation that body cameras are believed to be waterproof, but that this is not rooted in Plaintiff's personal knowledge. (*Id.*; Plaintiff's Aff., Doc. 32, Pg. ID 164.)

3

Plaintiff objects to this conclusion by stating that there is no evidence that the body camera fell into the toilet and that corrections officers told him body cameras are waterproof. (Plaintiff's Objection, Doc. 57, Pg. ID 364.) As Plaintiff is the party moving for spoliation sanctions, he must show that Defendant acted culpably by destroying the evidence "knowingly or negligently." *Byrd*, 518 F. App'x at 384. Plaintiff fails to meet this burden; he only points to Defendant's declaration that the body camera fell into a toilet during the incident. And, Plaintiff's reliance on hearsay from other unspecified corrections officers about the waterproof nature of body cameras does not amount to sufficient evidence.

For all these reasons, the Court concludes that Plaintiff has not shown spoliation at this time for purposes of addressing the parties' dueling motions for summary judgment. This matter may be revisited in the future. Plaintiff's Objection (Doc. 57) is therefore overruled.

## II. Defendant's Objection

Defendant objects to the Magistrate Judge's conclusion that a genuine issue of material fact remains as to whether Defendant caused Plaintiff's injury. (Defendant's Objection, Doc. 56.) "Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing Fed. R. Civ. P. 56(c)). The moving party must conclusively show that no genuine issue of material fact exists. *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If the moving party meets

4

that burden, it then becomes the nonmoving party's responsibility to put forth specific facts to demonstrate a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To preclude summary judgment, the nonmoving party must point to probative evidence on which a jury could reasonably reach a verdict in that party's favor. *Id.* at 251-52.

In his Motion for Summary Judgment, Defendant argues that video evidence contradicts Plaintiff's claim that Defendant was walking on Plaintiff's right side during the incident. (Defendant's Motion, Doc. 49, Pg. ID 243.) Instead, Defendant asserts that the videos show Defendant walking on Plaintiff's *left* side. (*Id.*) Though ultimately agreeing that the videos show Defendant on Plaintiff's left side, the Magistrate Judge did not find Plaintiff's "mistaken recollection on this detail sufficient to wholly undercut [Plaintiff's] verified account that it was [Defendant] who injured his pinky finger." (Report, Doc. 55, Pg. ID 351.)

Now, Defendant specifically objects that there is no genuine dispute of material fact that Defendant was on Plaintiff's left side and that Plaintiff has repeatedly alleged— even after reviewing the videos—that the person using excessive force was on his right side. (Defendant's Objection, Doc. 56, Pg. ID 358-361; *see also* Plaintiff's Decl., Doc. 32, Pg. ID 165.) In response, Plaintiff states that he was unable to identify the particular corrections officers in the video because they were wearing helmets. (Plaintiff's Response, Doc. 61, Pg. ID 377.) Moreover, Plaintiff asserts that he named Defendant as the person to his right because Corrections Officer John McCoy reported Defendant's location as such in his use of force statement. (*Id.*; Plaintiff's Decl., Doc. 32, Pg. ID 164-65.)

5

In any event, Defendant notably does not challenge the Magistrate Judge's conclusion that "the fact that [Defendant] was on [Plaintiff's] left side does not preclude a finding that [Defendant] accessed and injured [Plaintiff's] hands during the part of the transfer where the alleged excessive force occurred." (Report, Doc. 55, Pg. ID 351.) After reviewing the video evidence, the Court concurs that "a reasonable juror could conclude that [Defendant] had access to both of [Plaintiff's] hands during the relevant part of the transfer," even if he was located to Plaintiff's left side. (*Id.* at Pg. ID 352; *see also* Video Exhibit C, 16:29-31; Video Exhibit E, 16:08; Video Exhibit D, 16:42.) At the end of the day, Plaintiff avers that it was Defendant who broke his finger. (Plaintiff's Decl., Doc. 32, Pg. ID 165; *see also* Am. Compl., Doc. 27, ¶ 8.) After thorough consideration, the Court agrees that a genuine dispute of material fact remains as to whether Defendant used excessive force and broke Plaintiff's finger. For these reasons, the Court overrules Defendant's Objection (Doc. 56.)

### III. Second Report and Recommendation

Turning to the Magistrate Judge's Report and Recommendation filed on January 24, 2025 (Doc. 59), the Court notes that no objections have been filed, and the time to do so has passed. Accordingly, the Court adopts this Report and Recommendation (Doc. 59) in its entirety.

### CONCLUSION

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Defendant's Objection (Doc. 56), as well as Plaintiff's Objection (Doc. 57), are both **OVERRULED**. Accordingly, the

Court **ORDERS** the following:

(1) The Report and Recommendation (Doc. 55) is **ADOPTED** in its entirety;

    a. Plaintiff's Motion for Summary Judgment (Doc. 40) is **DENIED**; and

    b. Defendant's Motion for Summary Judgment (Doc. 49) is **DENIED**;

(2) The Report and Recommendation (Doc. 59), to which no objections were filed, is **ADOPTED** in its entirety;

    a. Plaintiff's Motions (Docs. 46, 47, 51) are **GRANTED** to the extent they seek copies of Plaintiff's Amended Complaint (Doc. 27) and the docket sheet for this case. The Clerk is hereby **DIRECTED** to send Plaintiff these copies; and

    b. Plaintiff's Motions (Docs. 46, 47, 51) are **DENIED** to the extent they seek injunctive relief, the appointment of counsel, and a settlement conference.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND